

United States District Court
Southern District of Texas
FILED

JUL 1 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IRINEO SOLIS and YOLANDA SOLIS, Individually and As Next Friends of JOSEPHINE SOLIS, Deceased | § § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. B-00-107 |
| THE UNITED STATES OF AMERICA | § § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Irineo Solis and Yolanda Solis, Individually and As Next Friends of Josephine Solis, deceased, complain of The United States of America, Defendant, and for cause of action show:

### SECTION 1.

### DISCOVERY PLAN

1.01  Plaintiff is proceeding under Discovery Rule plan Level 2, pursuant to Rule 190.1, Texas Rules of Civil Procedure.

### SECTION 2.

### PARTIES

2.01  Plaintiffs were and now are domiciled in the State of Texas within the Southern District of Texas.

2.02  The defendant is the United States of America and may be served by serving the following agencies: <u>Department of Health and Human Services</u>, Office of General Counsel, 330 Independence Ave Southwest Room 5362 , Wilbur Cohen Federal Building, Washington D.C.

20201; Department of Health and Human Services, Office of General Counsel, 1200 Main Street, Suite 1330, Dallas, Texas 75202; Marvin Mosbacker, U.S. Attorney's Office, 910 Travis Street P.O. Box 61129, Houston, Texas 77208; and, U.S. Attorney General, Department of Justice, 100th & Constitution Avenue, N.W., Room B-324., Washington D.C. 20530 by certified mail return receipt requested.

2.03  This action is brought pursuant to the Texas Civil Practices and Remedies Code § 71.002 and 71.021 for the plaintiffs individually and for benefit of all the statutory beneficiaries of the decedent according to C.P.R.C. 71.004(a) and (b).

## SECTION 3.

### JURISDICTION

3.01  This action arises under the Federal Tort Claims Act, 28 U.S.C., Sections 1346(b) and 2671, et seq. in that this suit involves a claim against the United States for money damages for personal injury caused by the negligent and wrongful acts and omissions of employees of the United States government while acting within the scope of employment such that if the United States were a private person, liability would be imposed under the law of the place where the wrongful act or omission occurred.

3.02  Specifically, Drs. Monica Randles and Leticia Livia Lopez were physicians working for Su Clinica Familiar in a local federally funded clinic.

## SECTION 4.

### VENUE

4.01  The acts and omissions complained of occurred within the Southern District of Texas, and venue is proper under 28 U.S.C. Section 1402(b).

## SECTION 5.

### RESPONDEAT SUPERIOR

**5.01** Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that the Defendant's agents, officers, servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers agents, servants, employees or representatives.

## SECTION 6.

### STATEMENT OF FACTS

**6.01** Yolanda Solis took Josephine Solis to Su Clinica Familiar on May 27, 1997, for scheduled immunizations. Several days later, she left Texas and traveled into Mexico to visit her relatives. Around midnight on June 2, 1997, the baby Josephine, began to have a fever. She was still willing to eat, but by the next morning, Mrs. Solis noticed blood and mucos in Josephine's stool. Mrs. Solis took Josephine and boarded a bus with her husband to return to Harlingen. Josephine had very little diarrhea during the trip, but began to vomit.

**6.02** On or about June 4, 1997 the Solis' went immediately to Su Clinica Familiar, where Dr. Monica Randals examined Josephine and noted vomiting and mucoid stools. Dr. Randal prescribed Pedialyte and Bactrim for home use, and told Mrs. Solis to return if she noted "copious bloody stools or altered mental status".

**6.03** Josephine grew weaker over the course of the day, and was taken to Su Clinic Familiar around 6:00 p.m. on June 5, 1997. At this time, Dr. Leticia Livia Lopez examined Josephine. She notes that there was a continued fever, vomiting and mild to moderate

dehydration. She notes that Josephine's lips were dry and her fontanel were sunken. Lastly, she wrote that Josephine appeared "nontoxic but tired".

**6.04** About three hours later, at 9:00 p.m. Josephine and her mother were sent by Dr. Lopez to Valley Baptist Center. Josephine died in Yolanda's arms just as she arrived at the pediatric floor of the hospital. The staff attempted to resuscitate Josephine but she was pronounced dead at 9:34 p.m. on June 5, 1997.

## SECTION 7.

## CAUSES OF ACTION

### NEGLIGENCE OF MONICA RANDLES, M.D.

**7.01** It has become necessary to bring this action because of injuries and damages caused by the negligence of Defendant, The United States of America on or about June 4, 1997. The evidence at the time of trial will establish that the negligence of Monica Randles, M.D. was the proximate cause of the severe and permanent injuries suffered by Plaintiff, Yolanda Solis and Irineo Solis As Next Friend of Josephine Solis.

**7.02** The acts and/or omissions of Monica Randles, M.D. constitutes conduct below the standard of care. These include, but are not limited to, the following:

1. Failure to timely and properly diagnose Plaintiff's condition;

2. Failure to properly treat Plaintiff's condition;

3. Failure to properly monitor the changes in Plaintiff's medical condition; and

4. Failure to obtain timely medical consults and/or specialists in the treatment of Plaintiff's injuries.

**7.03** All of the above singularly and/or collectively constitute and were a proximate cause of Plaintiff's injuries and damages.

## NEGLIGENCE OF LETICIA LIVIA LOPEZ, M.D.

**7.04** It has become necessary to bring this action because of injuries and damages caused by the negligence of Leticia Livia Lopez, M.D. on or about June 4, 1997. The evidence at the time of trial will establish that the negligence of Leticia Livia Lopez, M.D. was the proximate cause of the severe and permanent injuries suffered by Plaintiff, Yolanda Solis and Irineo Solis As Next Friend of Josephine Solis.

**7.05** The acts and/or omissions of Leticia Livia Lopez, M.D. constitutes conduct below the standard of care. These include, but are not limited to, the following:

1. Failure to timely and properly diagnose Plaintiff's condition;

2. Failure to properly treat Plaintiff's condition;

3. Failure to properly monitor the changes in Plaintiff's medical condition; and

4. Failure to obtain timely medical consults and/or specialists in the treatment of Plaintiff's injuries.

**7.06** All of the above singularly and/or collectively constitute and were a proximate cause of Plaintiff's injuries and damages.

## NEGLIGENCE OF SU CLINICA FAMILIAR

**7.07** Plaintiffs would further show that in 1997, Su Clinica Familiar failed to exercise ordinary care and was directly negligent in its formulation and enforcement of policies and procedures related to quality assurance and operation of its orthopedics department. Specifically, Su Clinica Familiar was negligent in:

1. In failing to use ordinary care in the selection of staff physicians, agents and employees;

2. In failing to supervise its staff physicians, agents and employees;

3. In failing to review and monitor the competency of Monica Randles, M.D and

Leticia Livia Lopez, M.D.

**7.08** All of the above singularly and/or collectively constitute and were a proximate cause of Plaintiff's injuries and damages.

## SECTION 8.

## CONDITIONS PRECEDENT

**8.01** Plaintiffs would show that all conditions precedent to the filing of this action have been satisfied and that Plaintiffs have complied with the requirements of Article 4590(i) et. seq. of the Revised Civil Statutes of Texas.

## SECTION 9.

## DAMAGES – GENERAL

**9.01** Plaintiffs, Yolanda Solis and Irineo Solis As Next Friend of Josephine Solis have been caused to suffer injuries and damages as a result of the negligence of Defendants. Furthermore, the evidence at the time of trial will establish that Plaintiffs have suffered mental anguish as a result of Defendants' actions.

## SECTION 10.

## ACTUAL DAMAGES

**10.1** As a result of the death of their daughter, Yolanda Solis and Irineo Solis have suffered the loss of consortium and support stemming from the end of the parent-child relationship. Plaintiffs have suffered in the past, continue to suffer, and, in all reasonable probability, will suffer in the future the loss of Josephine Solis' support, love, affection, protection, emotional support, services, companionship, care and society.

## SECTION 11.

### ESTATE'S DAMAGES

**11.1** As a direct and proximate result of the negligence of Defendant as alleged above, Josephine Solis was killed. Prior to her death, Josephine experienced conscious pain and suffering and mental anguish. Accordingly, Plaintiff Yolanda Solis, as representative of the estate of Josephine Solis sues for monetary damages in an amount in excess of the court's minimum jurisdiction.

## SECTION 12.

### FUNERAL EXPENSES

**12.1** As a direct and proximate result of the negligence of Defendants as alleged above, the estate of Josephine Solis incurred reasonable and necessary funeral and burial expenses. Accordingly, Plaintiff, Yolanda Solis, as representative of the Estate of Josephine Solis, sues for monetary damages in an amount in excess of the court's minimum jurisdiction.

### PRAYER

WHEREFORE, Plaintiffs request that Defendant be cited to appear and answer and that on final trial, Plaintiffs have an amount of $2,000,000.00 including:

1. Judgment against defendants, jointly and severally, for actual damages in an amount in excess of the minimum jurisdictional limits of the Court, with interest at the maximum lawful rate beginning as soon as the current law permits.

2. Further damages in accordance with the provisions of Section 17.50(b)(1) of the Business and Commerce Code.

3. Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal.

4.  Interest after judgment at the maximum legal rate until paid.

5.  Costs of suit.

6.  Exemplary damages.

7.  Further relief, special and general, at law and in equity, to which the plaintiff may show himself justly entitled.

          Respectfully submitted,

          **MICHAEL J. GARZA &**
          **DORI CONTRERAS GARZA**
          ATTORNEYS AT LAW
          Texas State Bank Tower
          3900 North 10th Street, Suite 950
          McAllen, Texas 78501
          Telephone No.: (956) 994-3100
          Telecopier No.: (956) 994-3174

BY: _____
          Michael J. Garza
          State Bar No. 00788769
          Federal ID No. 17444
          **Dori Contreras Garza**
          State Bar No. 17992450
          Federal ID No. 21930
          **Melissa Osio**
          State Bar No. 24015066

          ATTORNEYS FOR PLAINTIFFS

4.  Interest after judgment at the maximum legal rate until paid.

5.  Costs of suit.

6.  Exemplary damages.

7.  Further relief, special and general, at law and in equity, to which the plaintiff may show himself justly entitled.

Respectfully submitted,

**MICHAEL J. GARZA &**
**DORI CONTRERAS GARZA**
ATTORNEYS AT LAW
Texas State Bank Tower
3900 North 10th Street, Suite 950
McAllen, Texas 78501
Telephone No.: (956) 994-3100
Telecopier No.: (956) 994-3174

BY: _____
**Michael J. Garza**
State Bar No. 00788769
Federal ID No. 17444
**Dori Contreras Garza**
State Bar No. 17992450
Federal ID No. 21930
**Melissa Osio**
State Bar No. 24015066

ATTORNEYS FOR PLAINTIFFS

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Irineo Solis and Yolanda Solis,
Individually and As Next Friends of
Josephine Solis, Deceased,
              Plaintiffs,
     V.

The United States of America,

        Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-00-107

Michael N Milby, Clerk

TO: (Name and Address of Defendant)
Department of Health and Human Services
Office of General Counsel
1200 Main Street, Suite 1330
Dallas, Texas 75202

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)   Michael J. Garza, Michael J. Garza & Dori Contreras Garza, Attorneys at Law, Texas State Bank Tower, 3900 North 10th Street, Suite 950, McAllen, Texas 78501, (956) 994-3100, (956) 994-3174 Fax.

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk
CLERK

BY DEPUTY CLERK

DATE 7-13-00

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Irineo Solis and Yolanda Solis,
Individually and As Next Friends of
Josephine Solis, Deceased,

        Plaintiffs,

V.

The United States of America,

        Defendant.

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-00-107

TO: (Name and Address of Defendant)

    Departmen tof Health and Human Services
    Office of General Counsel
    330 Independence Ave Southwest Room 5362
    Wilbur Cohen Federal Building
    Washington D.C. 20201

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)   Michael J. Garza, Michael J. Garza & Dori Contreras Garza, Attorneys at Law, Texas State Bank Tower, 3900 North 10th Street, Suite 950, McAllen, Texas 78501, (956) 994-3100; (956) 994-3174 Fax.

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk
CLERK

7-13-00
DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____TEXAS_____

Irineo Solis and Yolanda Solis,
Individually and As Next Friends of
Josephine Solis, Deceased,
                Plaintiffs,

V.

The United States of America,

             Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

B-00-107

TO: (Name and Address of Defendant)

    Marvin Mosbacker
    United States Attorney's Office
    910 Travis Street
    P.O. Box 61129
    Houston, Texas 77208

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)  Michael J. Garza, Michael J. Garza & Dori Contreras Garza,
    Attorneys at Law, Texas State Bank Tower, 3900 North 10th Street, Suite 950
    McAllen, Texas 78501, (956) 994-3100, (956) 994-3174.

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk                                       7-13-00

CLERK                                                                           DATE

BY DEPUTY CLERK

ClibPDF - www.fastio.com

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Irineo Solis and Yolanda Solis,
Individually and As Next Friends of
Josephine Solis, Deceased,

Plaintiffs,

V.

The United States of America,

Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-00-107

TO: (Name and Address of Defendant)

United States Attorney General
Department of Justice
100th & Constitution Avenue N.W.
Room B-324
Washington DC 20530

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)  Michael J. Garza, Michael J. Garza & Dori Contreras Garza, Attorneys at Law, Texas State Bank Tower, 3900 North 10th Street, Suite 950 McAllen, Texas 78501, (956) 994-3100, (956) 994-3174.

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

[signature]

BY DEPUTY CLERK

DATE  7-13-00