19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 3 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IRINEO SOLIS and YOLANDA SOLIS, | § | |
| Individually and as next friend of | § | |
| JOSEPHINE SOLIS, Deceased | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-00-107 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS

Comes now the defendant, The United States of America, to present this its Motion to

Dismiss pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute and for grounds would

show the following:

I

## FACTS

1.    Plaintiff's Original Complaint was filed on July 30, 2000.(DE #1)  In their Original

Complaint and in all subsequent pleadings the plaintiffs have alleged that their cause of action

was for the alleged medical malpractice of physicians employed by the defendant.  On

September13, 2000 defendant filed it Original Answer.  (DE#2).

2.    On October 20, 2000 the original scheduling order was entered by this court.  (DE#6).

The scheduling order ended discovery on May 18, 2001.  On May 30, 2001 an amended

scheduling order was entered.  (DE#12).  The amended scheduling order ended discovery on

August 31, 2001.  The order also required the parties to exchange expert reports by August 10,

2001.

3.    On August 10, 2001 the defendant, pursuant to Fed. R. Civ. P. 26(a)(2)(B), designated its

expert witness and provided the plaintiff's with a written copy of the experts report. (Exhibit A).

On August 13, 2001 the plaintiff's filed their designation of expert witnesses.  Plaintiff's

designation of expert witnesses did not include the name of any retained expert witness.

Plaintiffs' designation of expert witnesses did not include any report as required by Fed. R. Civ.

P. 26(a)(2)(B).  No expert report has been obtained or provided to the defendant by the

plaintiffs''.

## II

## ARGUMENT

1.    Under the Federal Tort Claims Act the United States is liable in damages to an injured party

only if a private person would be liable under the same circumstances under the law of the state

where the allegedly negligent act or omission occurred.  28 U.S.C. §§ 1346(b), 2674.  Under

Texas law, a plaintiff alleging medical malpractice must prove the following four elements: (1)

duty of the physician to act according to a certain standard; (2) breach of the applicable standard

of care; (3)  injury; and (4) causal connection between the breach of care and the injury.

Bradford v Alexander, 886 S.W. 2d 394, 396 (Tex. App. - Houston [14th Dist.] 1994, no writ);

Pinckley v. Dr. Francisco Gallegos, 740 S.W. 2d 529, 531 (Tex. App. - San Antonio 1987, writ

denied).

2.    In a medical malpractice case, brought under Texas common law, unless the mode or form

of treatment is a matter of common knowledge or is within the ordinary experience of laymen,

expert testimony will be required to meet the plaintiff's burden of proof .  Hood v. Phillips, 554

S.W. 2d 160 (Tex. 1977), Wilson v. Scott, 412 S.W. 2d 299 (Tex. 1967); Bowles v. Bourdon,

291 S.W. 779 (Tex 1949); <u>See</u>, <u>Rodriguez v. Pacificare of Texas, Inc.</u>, 980 F2d 1014 (5th Cir. 1993); <u>Edwards v U.S.</u>, 519 F2d 1137 (5th Cir. 1975); <u>Karp v. Cooley</u>, 493 F2d 408 (5th Cir. 1974); <u>Green v. Hale</u>, 433 F2d 324 (5th Cir. 1970).

3.   It is undisputed in this case that the acts of medical malpractice alleged by the plaintiffs' are not within the common knowledge of laymen and that plaintiffs' do not have an expert who can testify as to any violation of the standard of care by the defendant's physicians causing any injury to the plaintiffs'.  Under these circumstances dismissal under Fed. R. Civ. P. 41(b) for lack of prosecution is within the discretion of the court and justified by the facts.  <u>See</u> <u>Sturgeon v Airborne Freight Corp.</u>, 778 F2d 1154 (5th Cir. 1985).  <u>See also</u> <u>Radecki v. Joura</u>, 177 F3d 694 (8th Cir. 1999); <u>Agronofsky v. Pennsylvania Greyhound Lines</u>, 248 F2d 829 (3rd Cir 1957).

Defendant respectfully request that this court dismiss plaintiffs' complaint and award defendant all cost incurred in their defense of this case.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: _Larry Ludka_

LARRY LUDKA, Attorney for defendant
Assistant United States Attorney
State Bar No. 12667500
Wilson Plaza West, Suite 1400
606 N. Carancahua St.
Corpus Christi, TX 78476
(361) 888-3111
(361) 888-3200 Fax

## Certificate of Service

I hereby certified that a copy of this Motion to Dismiss was faxed to Michael Garza on August 29, 2001 and hand delivered to Michael and or Dori Garza on August 31, 2001.

Larry Ludka

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IRINEO SOLIS and YOLANDA SOLIS,   §
Individually and as next friend of   §
JOSEPHINE SOLIS, Deceased   §
        Plaintiffs,   §
           §
      v.   §   Civil Action No. B-00-107
           §
UNITED STATES OF AMERICA   §
           §
           §
           §
Defendant.   §

## AFFIDAVIT OF LARRY LUDKA

On this day, Larry Ludka appeared before me , the undersigned notary public.  After I administered the oath to him, upon his oath, he stated:

My name is Larry Ludka.  I am an Assistant United States Attorney and the attorney of record for the Defendant in this case.  I have read the foregoing Motion to Dismiss and the facts stated in it are within my personal knowledge and are true and correct.



Larry Ludka

SUBSCRIBED AND SWORN TO BEFORE ME on August 29, 2001, to certify which witness my hand seal of office.

Notary Public, State of Texas

DIANNA K WINSTEAD
NOTARY PUBLIC
State of Texas
Comm. Exp. 05-11-2003



**The University of Texas**
**Health Science Center at San Antonio**
Mail Code 7807
7703 Floyd Curl Drive
San Antonio, Texas 78229-3900

Department of Pediatrics
Division of Gastroenterology, Hepatology & Nutrition

OFFICE  (210) 567-5280
FAX     (210) 567-1751

August 10, 2001

Larry Ludka
Assistant United States Attorney
Southern District of Texas
U.S. Department of Justice
606 N. Carancahua, Suite 1400
Wilson Plaza, West Tower
Corpus Christi, Texas 78476

Re:     Solis v U.S.A. B-00-107

Dear Mr. Ludka:

As per your request, I have reviewed the medical records in the above-mentioned case
and have summarized my impressions below.  As you know, I am a Board-Certified
Pediatric Gastroenterologist and have been practicing in academic centers for almost
twelve years since I completed my training.  I have a very busy practice in addition to
teaching students and pediatric residents here at the UT Health Science Center.

According to the medical records, the patient Josephine Soliz, had an uncomplicated
medical history prior to June, 1997.  She had regular well-baby care and a couple of visits
for minor illnesses.

On the morning of June 5, 1997, Dr. Randles saw the child in the clinic for the complaint
of a three-day illness consisting of nausea, vomiting and diarrhea.  She had one stool that
had visible blood.  She continued to take liquids well, had normal urine output according
to the history, and was vomiting a couple times each day.

Her physical examination was significant for fever of 101.4 (rectal), heart rate of 128.
She was noted to be sleepy but arousable, and was interactive with her mother.  Her
abdomen was soft and non tender without enlargement of the liver or spleen.

Dr. Randles performed a Complete Blood Count and also obtained a blood culture and
stool culture.  She started the child on an antibiotic and recommended fluids and Tylenol.
She recommended that the child return the next day, sooner for worsening of her
condition.



The child returned to the clinic later that day at 6:22pm because she continued to have fever and vomiting. She had fever of 102, heart rate of 142 and respiratory rate of 38 Her exam was significant for appearing non-toxic, and again her abdomen was noted to be soft, nontender and nondistended. She was admitted to the hospital because of mild to moderate dehydration.

The child was noted to be limp and was in cardiopulmonary arrest at the time of arrival on the floor at the hospital. After more than an hour of attempted resuscitation the child was pronounced dead. Autopsy was requested.

The autopsy was significant for the presence of an intussusception of the terminal ileum into the cecum. There was mucosal necrosis, but no evidence of perforation.

It is my professional opinion that the care provided to this child was appropriate, based on the historical information as well as her physical examination and laboratory studies. The history and physical examination were very consistent with a bacterial gastroenteritis and the child was treated appropriately for that condition. There was no historical information, vital sign abnormalities or abnormalities of laboratory studies that indicated that the child had an intussusception or other life-threatening condition. Throughout her two visits to the clinic and her admission to the hospital, the physicians caring for this child provided care that was well within the standard of care.

The above opinion is given to the best of my professional ability.

Thank you.

Sincerely,

Deborah A. Neigut, M.D.
Assistant Professor
Department of Pediatrics
Division of Gastroenterology, Hepatology and Nutrition
University of Texas Health Science Center at San Antonio
7703 Floyd Curl
San Antonio, Texas 78229

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IRINEO SOLIS and YOLANDA SOLIS, | § | |
| Individually and as next friend of | § | |
| JOSEPHINE SOLIS, Deceased | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-00-107 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

On this day came on to be heard the Motion to Dismiss filed by the defendant. The court

has reviewed the Motion and the uncontested facts therein and finds that adequate grounds exist for

dismissal pursuant to Fed. R. Civ. P. 41(b)).

It is therefore ORDERED that this case be DISMISSED. All cost are assessed against the

plaintiffs.

_____

JOHN W. BLACK
United States Magistrate Judge

Dated:_____,2001